UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Crim. No. 85-89 |
| v. | : | (RCL) |
| | : | |
| **JORGE VALDERRAMA** | : | |

**FILED**

**SEP 20 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## ORDER

This matter came before the Court upon Saint Elizabeths Hospital's October 7, 2009, recommendation pursuant to Title 18 U.S.C. §4243 for defendant's conditional release to reside in the community in a community residential facility.

On June 5, 1985, defendant was found not guilty by reason of insanity of Extortion and Threats-Interstate Communications. Thereafter, he was committed to Saint Elizabeths Hospital pursuant to Title 18 U.S.C. §4243 for an indeterminate period of time. His diagnosed mental illness is Bipolar Disorder, Moderate, most recent episode Depressed with Rapid Cycling; Neuroleptic induced Tardive Dyskinesia; and Alcohol Abuse. He is currently prescribed several medications including Buspar, Lamictal, Klonopin, Zyprexa and Zoloft to control his mental illness.[1]

Since his commitment to the Hospital, defendant has resided on all levels of security, exercised various levels of Hospital grounds privileges, and has been granted several conditional releases. On June 29, 2009, Saint Elizabeths Hospital recommended that defendant be granted a conditional release to attend a community based day treatment program. Thereafter, on October 7, 2009, Saint Elizabeths Hospital recommended that defendant be granted a conditional release

---

[1] Due to the rapid cycling of defendant's mental illness, frequent adjustments are made to his prescribed medications.

to reside in the community in a community residential facility with 24 hour monitoring and to receive case management, vocational, medical and housing services from the Community Connections Core Service Agency. On October 15, 2009, defendant was granted a conditional release to attend a community based psychosocial/vocational day treatment program five days per week.[2] Shortly thereafter, his mental condition deteriorated and he was unable to begin exercising the conditional release privileges. After a period of stabilization, defendant began attending the Green Door Clubhouse in the community on March 15, 2010. He remained in the day treatment program until June 2010, when his mental condition deteriorated again. For the next two months he was held back from the day program while treatment staff worked with defendant to stabilize his mental condition. Thereafter, in August 2010, he resumed attending the Green Door Clubhouse program.

In response to the Hospital's recommendations, the government retained an independent expert, Stephen Lally, Ph.D., to evaluate defendant and provide an opinion with respect to the Hospital's recommendations.[3] Dr. Lally's initial report was completed on April 18, 2010. He opined that if defendant's mental condition remained stable for a period of at least three months, it would be appropriate to proceed with plans to place defendant in the community under the conditions proposed by Saint Elizabeths Hospital. Thereafter, on September 17, 2010, Dr. Lally submitted a brief addendum to his April 2010, evaluation. Dr. Lally, continued to opine that

---

[2]On February 10, 1994, defendant was granted a conditional release which permitted gradually expanding community privileges for work, overnights and eventual convalescent leave. However, defendant has never exercised the convalescent leave portion of the release.

[3]Copies of Dr. Lally's report and addendum have been provided to the Court and defense counsel.

following a sustained period of mental stability defendant could be placed in the community without posing a danger to others or the property of others.

Accordingly, upon consideration of the representations made by both counsel, by representatives of Saint Elizabeths Hospital in their letter to the Court, and by the government's expert, the Court finds that Jorge Valderrama will not, in the reasonably foreseeable future, present a danger to others or the property of others because of mental illness if conditionally released as described below.

Accordingly, it is by the Court this 20th day of September, 2010,

**ORDERED** that defendant, Jorge Valderrama, shall be conditionally released from Saint Elizabeths Hospital at the Hospital's discretion under the following conditions:

1. Defendant may travel in the community with his assigned Community Connections support worker in order to take care of personal business and to attend appointments relating to his placement in the community.

2. Provided that defendant's mental condition remains stable and he remains compliant with the conditions of his outstanding conditional release privileges, beginning on **November 30, 2010** or a date thereafter, the Hospital may place defendant in the community on convalescent leave to reside in a community residential facility which can provide medical assistance, medication monitoring and 24 hour supervision.

3. At least one week prior to defendant's placement in the community, the Hospital shall notify the Court and counsel of defendant's proposed address and shall provide a status report with respect to defendant's current mental condition and compliance with treatment. Thereafter, the Hospital shall notify the Court and counsel of any changes in defendant's address.

4. Defendant shall receive case management, vocational, medical and housing services from the Community Connections Core Service Agency,. His assigned community support worker is Ms. Ashley Spencer, who can be reached at (202) 281-3983. The case manager shall maintain regular contact with defendant at a frequency of not less than once per week. The case manager shall also maintain contact with defendant's housing supervisor at least once per week for the first three months of his outplacement in order to monitor his mental condition and compliance with the conditions of his release. Thereafter, the case manager shall maintain at least monthly contact with the housing supervisor.

5. The case manager shall submit monthly written reports to Saint Elizabeths Hospital with copies to the Court, United States Attorneys Office, and counsel for defendant. The reports shall include documentation as to defendant's mental condition and medication compliance as well as his progress in the community and day treatment program, and compliance with the conditions of his release. Defendant and his case manager, shall meet with the Hospital's Outpatient treatment staff at least once every three months to review his progress and treatment plan.

6. Defendant shall participate in all therapeutic activities as recommended by the Hospital and/or the Core Service Agency including a structured daily activity such as his current community based day program, the Green Door Clubhouse. The Hospital shall notify the Court and counsel of any changes in defendant's structured daytime activities.

7. If necessary, the case manager shall be responsible for assisting defendant with transportation to all of his appointments and activities. The case manager shall also assist defendant with community living related issues including medication compliance.

8. If recommended by the Hospital or Core Service Agency, defendant shall consent to a payee for his income in order to assist him with budgeting his funds until such time as the Hospital determines that he no longer requires a payee.

9. Defendant shall receive psychiatric treatment, medication and monitoring from Saint Elizabeths Hospital's Outpatient Department of Clinical Operations (formerly the John Howard Pavilion Outpatient Department), and it shall remain the Department of Mental Health's ultimate responsibility to ensure that defendant receives psychiatric services and medication as clinically indicated.

10. Defendant shall report to the Outpatient Department of Clinical Operations located at 35 K Street, N.W., Washington, D.C., once per week for the first three months of his outplacement. Thereafter, he shall report as often as required by the Hospital, but not less than once per month for treatment and monitoring of his psychiatric condition and compliance with the conditions of release. He shall continue to submit to random drug and alcohol urine testing.

11. Prior to his placement on convalescent leave defendant shall sign a waiver for the release of all medical and psychiatric treatment information to Saint Elizabeths Hospital. Thereafter, defendant shall comply with all requests by Hospital staff for information relating to any medical and/or psychiatric treatment he may receive by parties in the community. Any health care provider shall provide all treatment information regarding defendant's care to Saint Elizabeths Hospital.

12. Defendant shall abide by all laws, not consume alcohol or illegal drugs, not be arrested for cause, and take all medications prescribed to him.

13. Saint Elizabeths Hospital shall provide prior written notification to the Court of

defendant's intention to travel fifty miles outside the Washington, D.C. metropolitan area. Said notification shall be provided at least seven business days prior to the date of intended travel.

14. The Core Service Agency shall immediately notify the Hospital if defendant fails to comply with any conditions of release and if possible shall escort him to the Outpatient Department of Clinical Operations for an evaluation. If defendant fails to cooperate with transport to the Outpatient Department, the Hospital and/or the Core Service Agency shall notify the Court and both counsel.

15. Saint Elizabeths Hospital shall provide written notification to the Court and counsel if defendant fails to comply with conditions of his release.

16. If defendant's mental condition deteriorates, or if he violates the conditions of this release he shall be returned to inpatient care at the Hospital, with due notification to the Court and counsel. Thereafter, defendant may not resume convalescent leave without prior notice to the Court and both counsel.

17. The Hospital shall submit a status report to the Court and counsel three months after defendant's placement in the community. Thereafter, the Hospital shall submit status reports to the Court and counsel every three months.

_____
JUDGE ROYCE C. LAMBERTH
Chief Judge
United States District Court

Copies to:

J. Patrick Anthony, Esq.
P.O. Box 11255.
Takoma Park, Maryland 20913

Colleen M. Kennedy
Assistant United States Attorney
555 4th Street N.W.
Room 10-842
Washington, DC 20530

Robert Morin, Psy.D.
Saint Elizabeths Hospital
1100 Alabama Avenue, S.E.
Washington, D.C. 20032

Ms. Ashley Spencer
Community Connections CSA
801 Pennsylvania Avenue SE #201
Washington, D.C. 20003